UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BALDOR SPECIALTY FOODS, INC., BALDOR DC, LLC and PRODUCE ALLIANCE, LLC,<br><br>Plaintiffs,<br><br>- against -<br><br>B HOSPITALITY CORP. t/a BUTLER HOSPITALITY, BH 148-18 134th ST LLC t/a BUTLER HOSPITALITY, BH 550 C ST SW LLC t/a BUTLER HOSPITALITY, PREMTIM GJONBALIC, DARREN WAN, B HOSPITALITY TRUST and DAVID M. KLAUDER as Assignee and Trustee of the B Hospitality Trust,<br><br>Defendants. | Case No. 22-cv-5197 (VSB)<br><br>**FIRST AMENDED<br>COMPLAINT** |
| PREMTIM GJONBALIC and DARREN WAN,<br><br>Cross-Claimants,<br><br>- against -<br><br>B HOSPITALITY CORP. t/a BUTLER HOSPITALITY, BH 148-18 134th ST LLC t/a BUTLER HOSPITALITY, BH 550 C ST SW LLC t/a BUTER HOSPITALITY, B. HOSPITALITY TRUST and DAVID M. KLAUDER ESQ as ASSIGNEE AND TRUSTEE OF THE B. HOSPITALITY TRUST,<br><br>Cross-Defendants. | |

Plaintiffs, Baldor Specialty Foods, Inc. ("Baldor Specialties"), Baldor DC, LLC ("Baldor DC") and Produce Alliance, LLC ("Produce Alliance") (Baldor Specialties, Baldor DC and Produce Alliance collectively, "Plaintiffs"), by and through undersigned counsel, as and for their first amended complaint against defendants B Hospitality Corp. trading as Butler Hospitality ("Butler"), BH 148-18 134th ST LLC trading as Butler Hospitality ("BH 148-18"), BH 550 C ST SW LLC

- 1 -

trading as Butler Hospitality also trading as Capitol Bistro ("BH 550") (Butler, BH 148-18, and BH 550 hereinafter collectively, "Corporate Defendants"), Premtim Gjonbalic ("Gjonbalic"), Darren Wan ("Wan") (Butler, BH 148-18, BH 550, Gjonbalic, and Wan collectively, "BH Defendants"), B Hospitality Trust ("BH Trust") and David M. Klauder as Assignee and Trustee of the B Hospitality Trust ("Klauder") (BH Trust and Klauder collectively, "BH Trust Defendants") allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiffs' non-PACA claims pursuant to 28 U.S.C. § 1367.

3. Venue in this district is based on 28 U.S.C. § 1391 in that at least one of the Defendants who is subject to this court's personal jurisdiction resides in this district and a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

4. a) Plaintiff Baldor Specialties is a New York corporation having a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of fresh fruits and vegetables ("Produce") in interstate commerce or contemplation thereof, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

b) Plaintiff Baldor DC is a Maryland limited liability company having a principal place of business in Jessup, Maryland, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce or contemplation thereof, and was at all

relevant times subject to and licensed under the provisions of PACA as a dealer.  Baldor DC is an affiliate of Baldor Specialties.

        c)        Plaintiff Produce Alliance is an Illinois limited liability company having a principal place of business in Buffalo Grove, Illinois, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce or contemplation thereof, and was at all relevant times subject to and licensed under the provisions of the PACA as a dealer.

5.        a)        Defendant Butler is a Delaware corporation having its principal place of business in New York, New York, and affiliated operations in Washington, D.C., Miami, Chicago and other locations, all of which were engaged in the business of buying wholesale quantities of Produce in interstate commerce and were at all relevant times subject to licensure under the provisions of PACA as a dealer.

        b)        Defendant BH 148-18 is a New York limited liability company having its principal place of business in New York, New York, and is and was at all relevant times an affiliate or related entity of Defendant Butler.

        c)        Defendant BH 550 is a District of Columbia limited liability company having its principal place of business in Washington, D.C. and is and was at all relevant times an affiliate or related entity of Defendant Butler.

        d)        Defendant Gjonbalic is and was an officer, director and/or equity holder of Corporate Defendants during the period of time in question who controlled the operations of Corporate Defendants and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiffs.

        e)        Defendant Wan is and was an officer, director and/or equity holder of Butler during the period of time in question who controlled the operations of Butler and is and was in a

position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiffs.

      f)      Defendant BH Trust is an entity formed on or about June 6, 2022, pursuant to the laws of the State of Delaware for the purpose of conducting the orderly liquidation of the property and assets of Defendant Butler.

      g)      Defendant Klauder, a Delaware attorney, was appointed Assignee and Trustee of the BH Trust to carry out the purpose of the BH Trust in accordance with its terms and conditions.

## GENERAL ALLEGATIONS

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

7. Between December 27, 2021 and May 23, 2022, Plaintiffs sold and delivered to the BH Defendants wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof, along with other goods, as follows (the "Transactions"):

| Plaintiff | Dates of Transactions | PACA Amt Due | Non-PACA Amt Due | Total Principal Balance Due |
|---|---|---|---|---|
| Baldor Specialties | 12/27/2021–5/23/2022 | $51,699.20 | $54,909.62 | $106,608.82 |
| Baldor DC | 12/27/2021-5/12/2022 | $20,102.00 | $41,864.00 | $ 61,966.00 |
| Produce Alliance | 2/1/2022-5/13/2022 | $42,726.58 | $18,201.09 | $ 60,927.67 |
| **TOTAL** | | **$ 114,527.78** | **$114,974.71** | **$229,502.49** |

8. Pursuant to the Transactions, the BH Defendants received $114,527.78 worth of Produce from Plaintiffs.

9. Prior to the Transactions, the invoice cost of Produce purchased by the Corporate Defendants exceeded $230,000.00.

10. The Corporate Defendants received or contracted to receive Produce totaling 2,000 pounds or more in weight in a single day.

11. Defendants have failed to pay for the Produce and other goods when payment was due, despite repeated demands, and upon information and belief, the Corporate Defendants have ceased operations while currently owing Plaintiffs the principal aggregate amount of $229,502.49.

12. At the time of receipt of the Produce, Plaintiffs became beneficiaries in a statutory trust designed to assure payment to Produce suppliers. The trust consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the PACA trust.

13. Plaintiffs preserved their respective interests in the PACA trust by issuing invoices to the BH Defendants for each of the Transactions which contain the statutory language required by 7 U.S.C. § 499e(c)(4).

14. Plaintiffs remain beneficiaries of the PACA trust until full payment is made for the Produce.

15. Defendants' failure, refusal, and inability to pay Plaintiffs, and the Corporate Defendants' cessation of operations without making payment to Plaintiffs, demonstrate that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

## AS AND FOR A FIRST CAUSE OF ACTION
## BY PLAINTIFFS AGAINST ALL DEFENDANTS
(Injunctive Relief)

16. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17. Defendants' failure to make payment to Plaintiffs of trust funds in the aggregate amount of $114,527.78 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

18. Pursuant to PACA and the prevailing cases, Plaintiffs are entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties.

**AS AND FOR A SECOND CAUSE OF ACTION**
**BY PLAINTIFFS AGAINST THE BH DEFENDANTS**
(Failure to Make Prompt Payment of Trust Funds)

19. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. The BH Defendants received each of the Produce shipments on which this action is based.

21. The BH Defendants are required to promptly tender to Plaintiffs full payment for those shipments pursuant to PACA.

22. The BH Defendants failed and refused to pay for the Produce supplied by Plaintiffs within the payment terms agreed to between the Parties.

23. As a direct and proximate result of the BH Defendants' failure to pay promptly, Plaintiffs have incurred damages in the principal aggregate amount of $114,527.78, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A THIRD CAUSE OF ACTION**
**BY PLAINTIFFS AGAINST DEFENDANT GJONBALIC**
(Unlawful Dissipation of Trust Assets)

24. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 23 above

as if fully set forth herein.

25. Defendant Gjonbalic is an officer, director and/or equity holder who operated the Corporate Defendants during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

26. Defendant Gjonbalic failed to direct the Corporate Defendants to fulfill their statutory duty to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

27. Defendant Gjonbalic knew or should have known that at all relevant times the Corporate Defendants were in breach of the PACA trust.

28. Defendant Gjonbalic's failure to direct the Corporate Defendants to maintain PACA trust assets and pay Plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets by a corporate official.

29. Defendant Gjonbalic participated in the Corporate Defendants' breach of the PACA trust.

30. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the statutory trust and have been denied payment for the Produce they supplied.

**AS AND FOR A FOURTH CAUSE OF ACTION
BY PLAINTIFFS AGAINST DEFENDANT WAN**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

31. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. Defendant Wan is an officer, director and/or equity holder who operated the Corporate Defendants during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

33. Defendant Wan failed to direct the Corporate Defendants to fulfill their statutory duty to preserve PACA trust assets and pay Plaintiffs for the Produce they supplied.

34. Defendant Wan knew or should have known that at all relevant times the Corporate Defendants were in breach of the PACA trust.

35. Defendant Wan's failure to direct the Corporate Defendants to maintain PACA trust assets and pay Plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets by a corporate official.

36. Defendant Wan participated in the Corporate Defendants' breach of the PACA trust.

37. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the statutory trust and have been denied payment for the Produce they supplied.

**AS AND FOR A FIFTH CAUSE OF ACTION
BY PLAINTIFFS AGAINST CORPORATE DEFENDANTS**
(Failure to Pay For Goods Sold)

38. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 37 above as if fully set forth herein.

39. The Corporate Defendants failed and refused to pay Plaintiff Baldor Specialties the amount of $106,608.82 owed to Plaintiff for Produce and other goods received by the Corporate Defendants from Plaintiff Baldor Specialties.

40. The Corporate Defendants failed and refused to pay Plaintiff Baldor DC the amount of $61,966.00 owed to Plaintiff for Produce and other goods received by the Corporate Defendants from Plaintiff Baldor DC.

41. The Corporate Defendants failed and refused to pay Plaintiff Produce Alliance the amount of $60,927.67 owed to Plaintiff for Produce and other goods received by the Corporate

Defendants from Plaintiff Produce Alliance.

42. As a direct and proximate result of the failure of the Corporate Defendants to pay promptly, Plaintiff Baldor Specialties has incurred damages in the amount of $106,608.82, plus interest, costs and attorneys' fees.

43. As a direct and proximate result of the failure of the Corporate Defendants to pay promptly, Plaintiff Baldor DC has incurred damages in the amount of $61,966.00, plus interest, costs and attorneys' fees.

44. As a direct and proximate result of the failure of the Corporate Defendants to pay promptly, Plaintiff Produce Alliance has incurred damages in the amount of $60,927.67, plus interest, costs and attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST CORPORATE DEFENDANTS
(Breach of Contract)

45. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 44 above as if fully set forth herein.

46. The Corporate Defendants submitted credit applications (the "Credit Applications") to Plaintiffs in order to induce Plaintiffs to sell Produce and other goods to the Corporate Defendants.

47. The Corporate Defendants received Plaintiffs' respective invoices without objection on or about the dates indicated on the faces of the invoices.

48. Plaintiffs' respective Credit Applications and invoices to the Corporate Defendants constitute valid and enforceable agreements between the Parties.

49. The Corporate Defendants breached the terms of the Credit Applications and invoices by failing to timely remit payment for the Produce and other goods they received from Plaintiffs.

50. Plaintiffs have performed all their respective duties, obligations and conditions to be performed under the Credit Applications and invoices.

51. As a direct and proximate result of the breach of contract by the Corporate Defendants, Plaintiff Baldor Specialties has suffered damages in the aggregate amount of $106,608.82, plus interest from the date each invoice became past due, costs and attorneys' fees.

52. As a direct and proximate result of the breach of contract by the Corporate Defendants, Plaintiff Baldor DC has suffered damages in the aggregate amount of $61,966.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

53. As a direct and proximate result of the breach of contract by the Corporate Defendants, Plaintiff Produce Alliance has suffered damages in the aggregate amount of $60,927.67, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION BY PLAINTIFFS BALDOR SPECIALTIES AND BALDOR DC AGAINST DEFENDANT GJONBALIC
(Breach of Personal Guaranty)

54. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 53 above as if fully set forth herein.

55. As an inducement to allow the Corporate Defendants to purchase produce from Plaintiffs Baldor Specialties and Baldor DC on credit, Defendant Gjonbalic gave Plaintiff Baldor Specialties a personal guaranty of payment and performance of all obligations of the Corporate Defendants to Baldor Specialties and its affiliates, including but not limited to Baldor DC.

56. Plaintiffs Baldor Specialties and Baldor DC agreed to sell Produce to Butler, in part, in reliance on Gjonbalic's personal guaranty of payment and performance.

57. Gjonbalic has failed and refused to pay the debt due Plaintiffs Baldor Specialties and Baldor DC from the Corporate Defendants despite due demand.

58. As a direct and proximate result of Gjonbalic's failure to comply with his obligations under the personal guaranty, Plaintiffs Baldor Specialties and Baldor DC have suffered damages in the aggregate amount of $168,574.82, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR AN EIGHTH CAUSE OF ACTION BY PLAINTIFFS BALDOR SPECIALTIES AND BALDOR DC AGAINST DEFENDANT WAN
(Breach of Personal Guaranty)

59. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 58 above as if fully set forth herein.

60. As an inducement to allow the Corporate Defendants to purchase produce from Plaintiffs Baldor Specialties and Baldor DC on credit, Defendant Wan gave Plaintiff Baldor Specialties a personal guaranty of payment and performance of all obligations of the Corporate Defendants to Baldor Specialties and its affiliates, including but not limited to Baldor DC.

61. Plaintiffs Baldor Specialties and Baldor DC agreed to sell Produce to Butler, in part, in reliance on Wan's personal guaranty of payment and performance.

62. Wan has failed and refused to pay the debt due Plaintiffs Baldor Specialties and Baldor DC from the Corporate Defendants despite due demand.

63. As a direct and proximate result of Wan's failure to comply with his obligations under the personal guaranty, Plaintiffs Baldor Specialties and Baldor DC have suffered damages in

the aggregate amount of $168,574.82, plus interest from the date each invoice became past due, costs and attorneys' fees.

## AS AND FOR AN NINTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST CORPORATE DEFENDANTS
(Declaratory Judgment that Corporate Defendants Are *Alter Egos*)

64. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 63 above as if fully set forth herein.

65. Upon information and belief, Butler is the parent entity to which each of the other Corporate Defendants remit earnings.

66. Upon information and belief, Butler controls the operations of each of the remaining Corporate Defendants and tendered payment to Plaintiffs for produce delivered to Butler's affiliates and related entities.

67. Upon information and belief, the officers, directors and/or equity holders of each of the Corporate Defendants do not act independently in the interest of those companies, but take direction from the principals or entities that have sufficient capitalization.

68. Upon information and belief, Gjonbalic and Wan controlled the operations of each of the Corporate Defendants.

69. Upon information and belief, Gjonbalic and Wan used the assets of some of the Corporate Defendants to satisfy the obligations of Butler or its affiliates and related entities.

70. Upon information and belief, the Corporate Defendants use the same banking institutions.

71. The Corporate Defendants use the same or similar trade names.

72. The Corporate Defendants have the same suppliers.

73. Some of the Corporate Defendants have the same principal place of business.

74. Some of the Corporate Defendants have the same incorporators and same corporate offices.

75. Upon information and belief, the Corporate Defendants have the same officers, members, and shareholders.

76. Upon information and belief, the Corporate Defendants were inadequately capitalized.

77. Upon information and belief, some of the Corporate Defendants pay the salaries, expenses, debts and/or losses of the other Corporate Defendants.

78. Upon information and belief, the Corporate Defendants have failed to maintain the corporate formalities.

79. The Corporate Defendants have abused the corporate form to deprive Plaintiffs of the PACA trust funds to which they are entitled.

80. The Corporate Defendants are *alter egos* of one another, entitling Plaintiffs to recover the debt they are owed from each of the Corporate Defendants, jointly and severally.

81. There exists an actual controversy between Plaintiff and the Corporate Defendants regarding the interrelatedness of the Corporate Defendants and the extent of their liability for the sums due Plaintiffs.

## AS AND FOR A TENTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

82. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 81 above as if fully set forth herein.

83. PACA, the Credit Applications and Plaintiffs' invoices entitle Plaintiffs to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

84. As a result of Defendants' continued failure to make full payment promptly in the aggregate amount of $229,502.49, Plaintiffs have been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
**BY PLAINTIFFS AGAINST DEFENDANTS BH TRUST AND KLAUDER**
(Unlawful Receipt and Retention of PACA Trust Assets)

85. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 84 above as if fully set forth herein.

86. Butler was incorporated on or about January 5, 2018, and, upon information and belief, purchased produce on credit at all relevant times thereafter until the date of its dissolution.

87. Upon information and belief, Butler commingled proceeds from the sale of produce with its other income.

88. At no period from January 5, 2018 through the present did there come a point in time when Butler had paid all of it produce suppliers in full.

89. The statutory trust established by PACA has remained in effect at all times from the date Butler first purchased produce on credit through the present.

90. The BH Trust was created on or about June 6, 2022, pursuant to the Trust Agreement and Assignment for the Benefit of Creditors of B Hospitality Corp. (the "Trust Instrument") signed by Gjonbalic in his capacity as Chief Executive Officer of Butler and Klauder in his capacity as Assignee of the BH Trust.

91. The Trust Instrument provides in relevant part that: (a) the object of the BH Trust is the orderly liquidation of the property and assets of Butler, and the distribution of the proceeds therefrom to creditors of the Company, in accordance with applicable law; and (b) Butler grants,

conveys, assigns, transfers and sets over to Klauder all property and assets of Butler, whatsoever and wheresoever situated, including without limitation all real and personal property, all cash on hand, bonds, bank accounts, all accounts receivable, fixtures, furniture, machinery, inventory, insurance policies, etc.

92. The Trust Instrument grants Klauder the following powers, rights and duties: (a) to collect any and all accounts receivable and other amounts owing to Butler; (b) to sell, or otherwise dispose of, all real and personal property of Butler, including but not limited to all of its cash on hand, bonds, bank accounts, all accounts receivable, fixtures, furniture, machinery, inventory, insurance policies, etc.; (c) to execute bills of sale and any other documents necessary to convey title to Butler's personal property; (d) to settle any and all claims against or in favor of Butler; and (e) to pay Butler's creditors out of the monies which shall come into his possession according to a defined schedule of priorities.

93. The Trust Instrument further provides that to the extent applicable law requires payment of certain claims or class of claims in a priority other than as set forth above, such claims shall be paid in accordance with applicable law and not in the priority detailed in the Trust Instrument.

94. The Trust Instrument further provides that Klauder shall be compensated solely by the BH Trust from the assets in the BH Trust for performing his duties as assignee based upon a rate of $450.00 per hour and that, upon execution of the Trust Instrument, Butler shall pay a retainer deposit of $25,000.00 to the BH Trust to pay Klauder's fees and expenses (the "Compensation").

95. The Compensation and the assets purportedly transferred to the BH Trust and Klauder include PACA trust assets.

96. The purported transfer of assets to the BH Trust and Klauder, to the extent such

transfer was valid, and the payment of the Compensation, was made in breach of the PACA trust.

97. To the extent the transfer of assets to the BH Trust and Klauder was valid, the BH Trust and Klauder received Butler's assets, and Klauder received the Compensation, subject to the PACA trust.

98. On July 20, 2022, Plaintiffs demanded that the BH Trust and Klauder satisfy Plaintiffs' PACA trust claims out of the assets purportedly in the BH Trust (the "Demand").

99. The BH Trust and Klauder have not responded to Plaintiffs' Demand, despite the Trust Instrument providing a mechanism for immediate payment of PACA trust claims, and have therefore prevented Plaintiffs from receiving prompt payment of their PACA trust claims.

100. As a direct and proximate result of the BH Trust and Klauder retaining PACA trust assets without satisfying Plaintiffs' PACA trust claims, Plaintiffs have been damaged in the aggregate sum of $114,527.78 plus accrued interest and attorneys' fees.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT KLAUDER
(Unlawful Dissipation of Trust Assets by a Corporate Official)

101. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 97 above as if fully set forth herein.

102. Klauder holds any PACA trust assets that may have come into his possession by operation of the Trust Instrument, including the Compensation, as trustee for Plaintiff.

103. Klauder has failed to direct the BH Trust to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiffs for the Produce they supplied.

104. Klauder's failure to direct the BH Trust to maintain PACA trust assets and pay Plaintiffs for the Produce they supplied was an unlawful dissipation of trust assets by an individual in a position to control PACA trust assets.

105. Klauder has participated in the breach of the PACA trust.

106. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the statutory trust and have been denied payment for the Produce they supplied.

**WHEREFORE**, Plaintiffs request the following relief:

A. On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties;

B. On the second cause of action, judgment against all Defendants, jointly and severally, in the aggregate principal amount of $114,527.78 under the trust provisions of PACA;

C. On the third cause of action, judgment against Gjonbalic in the amount of $114,527.78 under the trust provisions of PACA;

D. On the fourth cause of action, judgment against Wan in the amount of $114,527.78 under the trust provisions of PACA;

E. On the fifth cause of action, judgment against the Corporate Defendants, jointly and severally, as follows:

   1) In favor of Baldor Specialties in the amount of $106,608.82.

   2) In favor of Baldor DC in the amount of $61,966.00.

   3) In favor of Produce Alliance in the amount of $60,927.67;

F. On the sixth cause of action, judgment against the Corporate Defendants, jointly and severally, as follows:

   1) In favor of Baldor Specialties in the amount of $106,608.82.

   2) In favor of Baldor DC in the amount of $61,966.00.

        3)        In favor of Produce Alliance in the amount of $60,927.67;

        G.        On the seventh cause of action, judgment against Gjonbalic in the amount of $168,574.82;

        H.        On the eighth cause of action, judgment against Wan in the amount of $168,574.82;

        I.        On the ninth cause of action, judgment declaring that the Corporate Defendants are *alter egos*;

        J.        On the tenth cause of action, judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees;

        K.        On the eleventh cause of action, judgment against defendants BH Trust and Klauder, jointly and severally, in the amount of $114,527.78 under the trust provisions of PACA;

        L.        On the twelfth cause of action, judgment against defendant Klauder in the amount of $114,527.78 under the trust provisions of PACA; and

        M.        Such other and further relief as the Court deems just and proper.

Dated: July 29, 2022

Respectfully submitted,

McCARRON & DIESS
Attorneys for Plaintiffs

By:  /s/ Gregory Brown
Gregory Brown
576 Broadhollow Road, Suite 105
Melville, New York 11747
Phone:      (631) 425-8110
Fax:         (202) 364-2731
gbrown@mccarronlaw.com