UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BALDOR SPECIALTY FOODS, INC., BALDOR DC, LLC and PRODUCE ALLIANCE, LLC,<br><br>                    Plaintiffs,<br><br>          - against -<br><br>B HOSPITALITY CORP. t/a BUTLER HOSPITALITY, BH 148-18 134th ST LLC t/a BUTLER HOSPITALITY, BH 550 C ST SW LLC t/a BUTLER HOSPITALITY, PREMTIM GJONBALIC, DARREN WAN, B HOSPITALITY TRUST and DAVID M. KLAUDER as Assignee and Trustee of the B Hospitality Trust,<br><br>                    Defendants. | Case No. 22-cv-5197 (DLC)<br><br>**DECLARATION OF GREGORY BROWN IN SUPPORT OF MOTION FOR ENTRY OF <u>DEFAULT JUDGMENT</u>** |
| PREMTIM GJONBALIC and DARREN WAN,<br><br>                    Cross-Claimants,<br><br>          - against -<br><br>B HOSPITALITY CORP. t/a BUTLER HOSPITALITY, BH 148-18 134th ST LLC t/a BUTLER HOSPITALITY, BH 550 C ST SW LLC t/a BUTER HOSPITALITY, B. HOSPITALITY TRUST and DAVID M. KLAUDER ESQ as ASSIGNEE AND TRUSTEE OF THE B. HOSPITALITY TRUST,<br><br>                    Cross-Defendants. | |

**GREGORY BROWN**, declares under penalty of perjury as follows:

1.      I am an attorney with the firm of McCarron & Diess, attorneys for plaintiffs Baldor Specialty Foods, Inc., Baldor DC, LLC and Produce Alliance, LLC (collectively, "Plaintiffs") in the above-captioned action, am fully familiar with the facts and circumstances set forth herein and have personal knowledge thereof.  I submit this declaration in support of Plaintiffs' motion for

entry of default judgment against defendants BH 148-18 134th ST LLC trading as Butler Hospitality ("BH 148"), BH 550 C ST SW LLC trading as Butler Hospitality ("BH 550") (BH 148 and BH 550 collectively, the "Butler Defendants"), B Hospitality Trust (the "BH Trust") and David M. Klauder as Assignee and Trustee of the B Hospitality Trust ("Klauder") (the BH Trust and Klauder collectively, the "ABC Defendants"), jointly and severally, pursuant to Fed. R. Civ. P. 55(b)(2) and Local Civ. R. 55.2(b).  If called upon as a witness, I would and could competently testify to all facts stated in this declaration.

## I. PROCEDURAL HISTORY

2. Plaintiffs commenced this action against B Hospitality Corp. trading as Butler Hospitality ("Butler Hospitality"), BH 148, BH 550, Premtim Gjonbalic ("Gjonbalic") and Darren Wan ("Wan") with the filing of a complaint with the Court on June 21, 2022 (Docket No. 1) (the "Complaint").  Plaintiff's Complaint seeks relief under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq*. ("PACA") and related commercial common law causes of action.

3. Although Butler Hospitality was named as a defendant in the Complaint, it is the alleged debtor in an involuntary bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Delaware (see, Docket No. 37), is subject to the automatic stay established pursuant to 11 U.S.C. § 362, and therefore Plaintiffs do not seek any relief with regard to Butler Hospitality in the instant application.

4. In addition, Defendants Gjonbalic and Wan have appeared in this action through counsel and have filed an answer responding to the Complaint (see, Docket No. 18).  Therefore, Plaintiffs do not seek any relief with regard to Gjonbalic or Wan in the instant application.

5. On July 29, 2022, Plaintiffs filed their First Amended Complaint (Docket No. 25) (the "Amended Complaint") adding BH Trust and Klauder as defendants. A copy of the Amended Complaint is annexed hereto as Exhibit A.

6. Defendant BH 148 was served with the Complaint via the New York State Secretary of State by delivering two copies of the summons and Complaint to Colleen Banahan, as designated agent, on June 30, 2022. Proof of such service was filed with the Court on July 11, 2022 (Docket No. 16).

7. Defendant BH 148 was served with the Amended Complaint via the New York Secretary of State by delivering two copies of the Amended Complaint to Nancy Dougherty, as designated agent, on August 2, 2022. Proof of such service was filed with the Court on August 3, 2022 (Docket No. 31). Proof of service of the Complaint and Amended Complaint upon BH 148 is annexed hereto as Exhibit B.

8. Defendant BH 550 was served with the Complaint via its registered agent, Incorporation Services Ltd., by delivering true copies of the summons and Complaint to Brooks Ferrett, as authorized representative, on July 12, 2022. Proof of such service was filed with the Court on July 26, 2022 (Docket No. 21).

9. Defendant BH 550 was served with the Amended Complaint via its registered agent, Incorporation Services Ltd., by delivering a copy of the Amended Complaint to Steven Gibson, as client services associate, on August 5, 2022. Proof of such service was filed with the Court on September 1, 2022 (Docket No. 36). Proof of service of the Complaint and Amended Complaint upon BH 550 is annexed hereto as Exhibit C.

10. Defendant BH Trust was served with the Amended Complaint by delivering a true copy of the summons and Amended Complaint to David M. Klauder, as authorized agent, on

August 2, 2022. Proof of such service was filed with the Court on August 5, 2022 (Docket No. 32) and is annexed hereto as Exhibit D.

11. Defendant Klauder was served with the Amended Complaint by delivering a true copy of the summons and Amended Complaint to David M. Klauder, personally, on August 2, 2022. Proof of such service was filed with the Court on August 5, 2022 (Docket No. 33) and is annexed hereto as Exhibit E.

12. The time for the Butler Defendants and ABC Defendants to answer or otherwise move with respect to the Complaint and Amended Complaint expired on August 23, 2022 (see, Docket Nos. 16, 21, 31, 32, 33 and 36).

13. Pursuant to Fed. R. Civ. P. 12(a), the Butler Defendants and ABC Defendants had twenty-one days after service of the Complaint and the Amended Complaint within which to answer, file any pleading or otherwise move with respect to the pleading. The Butler Defendants and ABC Defendants having failed to so act, the Clerk of the Court noted their default and issued a Clerk's Certificate of Default on October 28, 2022. (Docket No. 43). The Clerk's Certificate of Default constitutes proof that the Butler Defendants and ABC Defendants were served and failed to answer or otherwise appear in this action. The Clerk's Certificate of Default is annexed hereto as Exhibit F.

14. This Court has subject matter jurisdiction over this action based on Section 5(c)(5) of PACA and 28 U.S.C. § 1331 because Plaintiffs' causes of action arise under PACA. This Court has supplemental jurisdiction over Plaintiffs' non-PACA claims pursuant to 28 U.S.C. § 1367 because the non-PACA claims form part of the same case or controversy as the PACA claims. This Court has personal jurisdiction over the Butler Defendants and ABC Defendants because they were duly served as set forth above.

15. Plaintiffs seek entry of a judgment against the Butler Defendants and ABC Defendants, jointly and severally, as follows:

    a. In favor of Baldor Specialty Foods, Inc. against the Butler Defendants and the ABC Defendants for the produce delivered to the Butler Defendants, in the principal amount of $51,669.20, plus accrued interest through November 11, 2022 in the amount of $4,656.73, and accrued attorneys' fees and expenses through November 11, 2022 in the amount of $20,022.74, for a judgment under the trust provisions of PACA in the amount of $76,348.67, plus additional accrued interest at the aggregate daily rate of $25.76 and additional attorneys' fees and expenses through and including the date of entry of judgment;

    b. In favor of Baldor Specialty Foods, Inc. against the Butler Defendants for the non-produce items delivered to the Butler Defendants, judgment in the principal amount of $54,909.62, plus accrued interest through November 11, 2022 in the amount of $4,840.14, for a total additional judgment in the amount of $59,749.76, plus additional accrued interest at the aggregate daily rate of $27.47 through and including the date of entry of judgment;

    c. In favor of Baldor DC, LLC against the Butler Defendants and the ABC Defendants for the produce delivered to the Butler Defendants, in the principal amount of $20,102.00, plus accrued interest through November 11, 2022 in the amount of $2,004.72, and accrued attorneys' fees and expenses through November 11, 2022 in the amount of $11,641.42, for a judgment under the trust provisions of PACA in the amount of $33,748.14, plus additional accrued interest at the aggregate daily rate of $10.65 and

additional attorneys' fees and expenses through and including the date of entry of judgment;

   d. In favor of Baldor DC, LLC against the Butler Defendants for the non-produce items delivered to the Butler Defendants, judgment in the principal amount of $41,864.00, plus accrued interest through November 11, 2022 in the amount of $4,188.70, for a total additional judgment in the amount of $46,052.70, plus additional accrued interest at the aggregate daily rate of $21.46 through and including the date of entry of judgment;

   e. In favor of Produce Alliance, LLC against the Butler Defendants and the ABC Defendants for the produce delivered to the Butler Defendants, in the principal amount of $42,726.58, plus accrued interest through November 11, 2022 in the amount of $3,837.72, and accrued attorneys' fees and expenses through November 11, 2022 in the amount of $11,446.35, for a judgment under the trust provisions of PACA in the amount of $48,010.65, plus additional accrued interest at the aggregate daily rate of $10.51 and additional attorneys' fees and expenses through and including the date of entry of judgment; and

   f. In favor of Produce Alliance, LLC against the Butler Defendants for the non-produce items delivered to the Butler Defendants, judgment in the principal amount of $18,201.09, plus accrued interest through November 11, 2022 in the amount of $1,642.94, for a total additional judgment in the amount of $19,844.03, plus additional accrued interest at the aggregate daily rate of $4.50 through and including the date of entry of judgment.

## II. PLAINTIFFS' CLAIMS AGAINST THE BUTLER DEFENDANTS

16. The amount Plaintiffs seek to recover is a sum certain predicated on the invoices they delivered to the Butler Defendants and Butler Hospitality which were never disputed or

returned.  See, <u>Exhibits L, M and O</u>.  The principal amount due is established by the invoices delivered by Plaintiffs to the Butler Defendants and Butler Hospitality in the usual course of business.  Each of the invoices includes the statutorily required language to preserve Plaintiffs' respective PACA trust rights pursuant to 7 U.S.C. § 499e(c)(4).  *Id*.

17. The Court is respectfully referred to the accompanying declarations of Eileen Manitsas, Chief Financial Officer for Baldor Specialty Foods, Inc. and Baldor DC, LLC, and Adam Silver, Controller of Produce Alliance, LLC, for a detailed explanation of the relationship between Plaintiffs, the Butler Defendants and Butler Hospitality, and an accounting of the debt Plaintiffs seeks to recover in this action.

### III.  PLAINTIFFS' CLAIMS AGAINST THE ABC DEFENDANTS

18. Plaintiffs' claims against the ABC Defendants are predicated on the fact that they received all the assets in the possession of the Butler Defendants through the creation of the BH Trust and the commencement of an assignment for the benefit of creditors proceeding in the Delaware Chancery Court.

19. Butler Hospitality was incorporated on or about January 5, 2018, and, upon information and belief, purchased produce on credit at all relevant times thereafter until the date of its dissolution.  Upon information and belief, Butler Hospitality commingled proceeds from the sale of produce with its other income and at no period from January 5, 2018 through the present did there come a point in time when Butler Hospitality had paid all of it produce suppliers in full.  Therefore, the statutory trust established by PACA has remained in effect at all times from the date Butler Hospitality first purchased produce on credit through the present.

20. The BH Trust was created on or about June 6, 2022, pursuant to the Trust Agreement and Assignment for the Benefit of Creditors of B Hospitality Corp. (the "Trust Instrument") signed

by Gjonbalic in his capacity as Chief Executive Officer of Butler Hospitality and Klauder in his capacity as Assignee of the BH Trust. A copy of the Trust Instrument is annexed hereto as <u>Exhibit G</u>.

21. The Trust Instrument provides in relevant part that: (a) the object of the BH Trust is the orderly liquidation of the property and assets of Butler Hospitality, and the distribution of the proceeds therefrom to creditors of the company, in accordance with applicable law; and (b) Butler Hospitality grants, conveys, assigns, transfers and sets over to Klauder all property and assets of Butler Hospitality, whatsoever and wheresoever situated, including without limitation all real and personal property, all cash on hand, bonds, bank accounts, all accounts receivable, fixtures, furniture, machinery, inventory, insurance policies, etc.

22. The Trust Instrument grants Klauder the following powers, rights and duties: (a) to collect any and all accounts receivable and other amounts owing to Butler Hospitality; (b) to sell, or otherwise dispose of, all real and personal property of Butler Hospitality, including but not limited to all of its cash on hand, bonds, bank accounts, all accounts receivable, fixtures, furniture, machinery, inventory, insurance policies, etc.; (c) to execute bills of sale and any other documents necessary to convey title to Butler Hospitality's personal property; (d) to settle any and all claims against or in favor of Butler Hospitality; and (e) to pay Butler Hospitality's creditors out of the monies which shall come into his possession according to a defined schedule of priorities.

23. I have communicated with Thomas Bielli, attorney for Klauder (also Klauder's law partner) numerous times, and several times at length, since the filing of the Amended Complaint. In those conversations, Bielli told me that the ABC Defendants have received significant assets from Butler Hospitality, including accounts receivable delivered to the ABC Defendants from customers of Butler Hospitality and the Butler Defendants. Butler Hospitality's accounts receivable are PACA

trust assets as a matter of law.  Bielli told me that the assets the ABC Defendants received are enough to pay Plaintiffs' PACA trust claims in full.

24. Although Plaintiffs and the ABC Defendants agreed in principle to a settlement and the full payment of Plaintiffs' PACA trust claims, the written settlement agreement was not consummated because the ABC Defendants have taken the position that the intervening involuntary bankruptcy proceeding filed against Butler Hospitality has stayed the ABC Defendants' work and prevents the conveyance of assets in their possession to Plaintiffs, even PACA trust assets.

### IV.   PLAINTIFFS' CALCULATION OF INTEREST AND ATTORNEYS' FEES

25. Under Section 5(c) of PACA, Plaintiffs are entitled to recover all sums owing in connection with the Butler Defendants' and ABC Defendants' failure to timely remit PACA trust funds in their possession to Plaintiffs.  Accordingly, Plaintiffs are entitled to recover attorneys' fees and expenses as well as accrued interest if they have a separate legal basis for doing so. Pursuant to the terms printed on the face of Plaintiffs' invoices to the Butler Defendants (see, Exhibits L, M and O).  Plaintiffs are entitled to recover the attorneys' fees they actually incurred in pursuing recovery of the debt sought in this action.  Plaintiffs are also entitled to interest at the rate of 18% *per annum*.  A chart calculating, on a PACA and non-PACA basis, the principal amount due plus pre-judgment interest and accrued attorneys' fees for each of the Plaintiffs is annexed hereto as Exhibit H.

26. Plaintiffs have actually incurred attorneys' fees in the amount of $40,584.00 and expenses in the amount of $2,526.51, for total fees and expenses in the amount of $43,110.51 through November 11, 2022.  I have reviewed the files and time records for this matter and confirm that the time and fee journal and client expense report annexed hereto as Exhibit I are true and

accurate accounts of both time spent by our firm prosecuting this action as counsel for Plaintiffs through November 11, 2022, and the costs incurred by Plaintiffs.

27. I am the lead attorney on this matter and my services were billed at my normal hourly rate of $425.00 per hour (my time entries are identified as "GB" in Exhibit I). I am familiar with the rates charged by other attorneys of similar practice areas and tenure and believe $425.00 per hour to be a fair and reasonable rate since I concentrate my practice on matters related to PACA and have been practicing since 2006.

28. My colleague Lou Diess' services in this case were billed at his normal hourly rate of $450.00 per hour (his time entries are identified as "LWD" in Exhibit I). I believe $450.00 per hour to be fair and reasonable for Mr. Diess' services since he concentrates his practice on matters related to PACA and has been practicing since 1992.

29. My colleague Mary Jean Fassett's services in this case were billed at her normal hourly rate of $425.00 per hour (her time entries are identified as "MJF" in Exhibit I). I believe $425.00 per hour to be fair and reasonable for Ms. Fassett's services since she concentrates her practice on matters related to PACA and has been practicing since 1987.

30. My colleague Kate Ellis' services in this case were billed at her normal hourly rate of $425.00 per hour (her time entries are identified as "EKE" in Exhibit I). I believe $425.00 per hour to be fair and reasonable for Ms. Ellis' services since she concentrates her practice on matters related to PACA and has been practicing since 2004.

31. As a courtesy to Plaintiffs, all attorneys who performed work on this file exercised billing discretion and often billed time at a reduced hourly rate if the services performed were administrative in nature or the types of services that would have been performed by a paralegal at

a larger firm. In addition, several time entries were not billed at all if the work performed was duplicative of the lead attorneys' efforts or for other similar reasons.

32. A proposed default judgment is annexed hereto as Exhibit J.

33. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

**WHEREFORE**, Plaintiffs respectfully request that an order be entered directing entry of judgment in Plaintiffs' favor and against the Butler Defendants and ABC Defendants, jointly and severally, pursuant to Fed. R. Civ. P. 55(b)(2) and Local Civ. R. 55.2(b), as follows:

1. In favor of Baldor Specialty Foods, Inc. against the Butler Defendants and the ABC Defendants for the produce delivered to the Butler Defendants, in the principal amount of $51,669.20, plus accrued interest through November 11, 2022 in the amount of $4,656.73, and accrued attorneys' fees and expenses through November 11, 2022 in the amount of $20,022.74, for a judgment under the trust provisions of PACA in the amount of $76,348.67, plus additional accrued interest at the aggregate daily rate of $25.76 and additional attorneys' fees and expenses through and including the date of entry of judgment;

2. In favor of Baldor Specialty Foods, Inc. against the Butler Defendants for the non-produce items delivered to the Butler Defendants, judgment in the principal amount of $54,909.62, plus accrued interest through November 11, 2022 in the amount of $4,840.14, for a total additional judgment in the amount of $59,749.76, plus additional accrued interest at the aggregate daily rate of $27.47 through and including the date of entry of judgment;

3. In favor of Baldor DC, LLC against the Butler Defendants and the ABC Defendants for the produce delivered to the Butler Defendants, in the principal amount of $20,102.00, plus accrued interest through November 11, 2022 in the amount of $2,004.72, and accrued attorneys' fees

and expenses through November 11, 2022 in the amount of $11,641.42, for a judgment under the trust provisions of PACA in the amount of $33,748.14, plus additional accrued interest at the aggregate daily rate of $10.65 and additional attorneys' fees and expenses through and including the date of entry of judgment;

4. In favor of Baldor DC, LLC against the Butler Defendants for the non-produce items delivered to the Butler Defendants, judgment in the principal amount of $41,864.00, plus accrued interest through November 11, 2022 in the amount of $4,188.70, for a total additional judgment in the amount of $46,052.70, plus additional accrued interest at the aggregate daily rate of $21.46 through and including the date of entry of judgment;

5. In favor of Produce Alliance, LLC against the Butler Defendants and the ABC Defendants for the produce delivered to the Butler Defendants, in the principal amount of $42,726.58, plus accrued interest through November 11, 2022 in the amount of $3,837.72, and accrued attorneys' fees and expenses through November 11, 2022 in the amount of $11,446.35, for a judgment under the trust provisions of PACA in the amount of $48,010.65, plus additional accrued interest at the aggregate daily rate of $10.51 and additional attorneys' fees and expenses through and including the date of entry of judgment; and

6. In favor of Produce Alliance, LLC against the Butler Defendants for the non-produce items delivered to the Butler Defendants, judgment in the principal amount of $18,201.09, plus accrued interest through November 11, 2022 in the amount of $1,642.94, for a total additional judgment in the amount of $19,844.03, plus additional accrued interest at the aggregate daily rate of $4.50 through and including the date of entry of judgment; and

//

//

7. awarding Plaintiffs such other and further relief as the Court deems just and proper.

Executed on November 11, 2022.

**GREGORY BROWN**