UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BALDOR SPECIALTY FOODS, INC.,
BALDOR DC, LLC and PRODUCE ALLIANCE, LLC,

                Plaintiffs,

- against -

B HOSPITALITY CORP. t/a BUTLER HOSPITALITY,
BH 148-18 134th ST LLC t/a BUTLER HOSPITALITY,
BH 550 C ST SW LLC t/a BUTLER HOSPITALITY,
PREMTIM GJONBALIC, DARREN WAN,
B HOSPITALITY TRUST and DAVID M. KLAUDER
as Assignee and Trustee of the B Hospitality Trust,

                Defendants.

---

PREMTIM GJONBALIC and DARREN WAN,

                Cross-Claimants,

- against -

B HOSPITALITY CORP. t/a BUTLER HOSPITALITY,
BH 148-18 134th ST LLC t/a BUTLER HOSPITALITY,
BH 550 C ST SW LLC t/a BUTER HOSPITALITY,
B. HOSPITALITY TRUST and DAVID M. KLAUDER
ESQ as ASSIGNEE AND TRUSTEE OF THE B.
HOSPITALITY TRUST,

                Cross-Defendants.

Case No. 22-cv-5197 (DLC)

**DECLARATION OF EILEEN MANITSAS IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

---

**EILEEN MANITSAS**, declares under penalty of perjury as follows:

1. I am the Chief Financial Officer of plaintiffs Baldor Specialty Foods, Inc. ("Baldor") and Baldor DC, LLC ("Baldor DC") (Baldor and Baldor DC collectively, the "Baldor Plaintiffs"), am fully familiar with the facts and circumstances set forth herein, and have personal knowledge thereof. I submit this declaration in support of the Baldor Plaintiffs' motion for the

- 1 -

entry of default judgment against defendants BH 148-18 134th ST LLC trading as Butler Hospitality, BH 550 C ST SW LLC trading as Butler Hospitality (collectively, the "Butler Defendants"), B Hospitality Trust and David M. Klauder as Assignee and Trustee of the B Hospitality Trust (collectively, the "ABC Defendants") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2(b). If called upon as a witness, I would and could competently testify to all facts stated in this declaration.

2. I have read the accompanying declaration of Gregory Brown and adopt the statements set forth therein as if set forth in this declaration in their entirety.

3. The Baldor Plaintiffs are in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and are produce dealers subject to and licensed under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"). Baldor holds PACA license number 19930802 and Baldor DC holds PACA license number 20131047. True and correct copies of the information included on the Baldor Plaintiffs' respective PACA licenses, as obtained from the United States Department of Agriculture's ("USDA") website[1], are annexed hereto as Exhibit K.

4. The sales and accounts receivable records of the Baldor Plaintiffs, including, but not limited to, invoices and account statements, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record. These business records are generated under my direction and supervision by employees whose duty it is to prepare such documents.

5. My responsibilities as Chief Financial Officer include monitoring the sale of produce, including those sales that are the subject of this claim. My responsibilities also include

---

[1] The USDA's PACA license database can be searched using the tool available at the following website: https://apps.mrp.usda.gov/public_search

supervising collection of the accounts receivable for such sales, including the accounts of the Butler Defendants and B Hospitality Corp. I have custody and control over the sales and accounts receivable records of the Baldor Plaintiffs as they relate to the Butler Defendants and B Hospitality Corp., and I am thoroughly familiar with the manner in which those records are compiled. I was responsible for supervising the collection of receivables resulting from the subject sales transactions, and I am the custodian of all invoices, including those at issue in this proceeding.

6. Between December 27, 2021 and May 23, 2022, the Baldor Plaintiffs sold and delivered to the Butler Defendants and B Hospitality Corp. wholesale quantities of produce and other goods that had been shipped in interstate commerce having an agreed aggregate value of $168,544.82. Baldor delivered to the Butler Defendants and B Hospitality Corp. produce valued at $51,669.20 and non-produce items valued at $54,909.62. Baldor DC delivered to the Butler Defendants and B Hospitality Corp. produce valued at $20,102.00 and non-produce items valued at $41,864.00. The Baldor Plaintiffs preserved their respective interests in the PACA trust by issuing invoices to the Butler Defendants and B Hospitality Corp. for each of the transactions which contain the statutory language required by 7 U.S.C. § 499e(c)(4). Copies of Baldor's invoices to the Butler Defendants and B Hospitality Corp., along with an account statement for each of the locations serviced by Baldor, are annexed hereto as Exhibit L. Copies of Baldor DC's invoices to the Butler Defendants and B Hospitality Corp., along with an account statement for each of the locations serviced by Baldor DC, are annexed hereto as Exhibit M.

7. The Butler Defendants and B Hospitality Corp. accepted all the produce and other goods shipped by the Baldor Plaintiffs, received all the Baldor Plaintiffs' invoices and account statements, and have never disputed the amount due the Baldor Plaintiffs, yet they have failed and refused to make full payment for the produce and other goods they received. The Butler

Defendants and B Hospitality Corp. have made partial payment for the produce and other goods delivered by the Baldor Plaintiffs, but presently owe a balance in the aggregate principal sum of $168,544.82.

8. In all our dealings with the Butler Defendants and B Hospitality Corp., we understood that we were doing business with a single entity, Butler Hospitality. Although we were aware that some of the locations we delivered goods to were owned by companies named something other than B Hospitality Corp., we understood that the items were being purchased by Butler Hospitality. The Baldor Plaintiffs' invoices to Butler Hospitality were, regardless of the location of the deliveries, invariably sent to B Hospitality Corp.'s head office located at 1250 Broadway, New York, New York.

9. All the purchases for Butler Hospitality were made by a single purchaser on behalf of Butler Hospitality and received by a single salesperson at Baldor. All the billing issues were handled by the same accounts payable office through a single email address, ap@butlerhospitality.com. The personal guarantees we received from Butler Hospitality, regardless of location, were provided by either defendant Gjonbalic or defendant Wan. All payments we received for goods delivered to Butler Hospitality, regardless of location, were drawn on the same account at JP Morgan Chase and the checks either said "Butler Hospitality" or "B. Hospitality Corp."

10. Without exception, the Butler Defendants and B Hospitality Corp. held themselves out as a single entity, Butler Hospitality, and, as detailed above, our dealings with them were consistent with this presentation.

11. As the Court can see from our invoices, many of the items delivered to the Butler Defendants and B Hospitality Corp. had been shipped and moved in international commerce

since the "Origin" column indicates the country of origin of the commodity. Many items came from USA, but also from Mexico, Canada, Costa Rica, Peru, Guatemala, etc. To the extent items originated in the USA, all were either transported in interstate commerce or moved in the same stream of commerce as items destined for interstate or international commerce.

12. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on November 11, 2022.

*[signature]*
**EILEEN MANITSAS**